OPINION
On January 24, 2000, the Guernsey County Grand Jury indicted appellant, Norman Byler, on eleven counts of rape in violation of R.C.2907.02 and eleven counts of gross sexual imposition in violation of R.C. 2907.05. Said charges arose from incidents involving appellant's three granddaughters.
On September 17, 2001, appellant pled no contest to five of the rape counts pertaining to two of the granddaughters, which were reduced to sexual battery in violation of R.C. 2907.03(A)(1). The remaining counts were dismissed. The trial court found appellant guilty. By judgment entry filed October 31, 2001, the trial court sentenced appellant to a total aggregate term of five years in prison. The trial court also classified appellant as a sexual predator.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I "THE TRIAL COURT ERRED IN SENTENCING APPELLANT BYLER TO A MAXIMUM PRISON TERM THEREBY DENYING HIM DUE PROCESS AND THE OPPORTUNITY FOR MEANINGFUL APPELLATE REVIEW AS PROVIDED FOR BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."
 II "THE TRIAL COURT ERRED WHEN IT ORDERED MR. BYLER TO PAY COURT-APPOINTED COUNSEL FEES PLUS INTEREST WITHOUT MAKING THE NECESSARY ABILITY-TO-PAY FINDING REQUIRED BY O.R.C. 2941.51(D)."
 III "THE TRIAL COURT FAILED TO NOTIFY MR. BYLER DURING THE SENTENCING HEARING PURSUANT TO O.R.C. 2929.19(B)(3)(c) AND (e) THAT HE WOULD BE SUBJECT TO POST-RELEASE CONTROL FOLLOWING THE COMPLETION OF HIS PRISON SENTENCE AND THAT VIOLATION OF THE TERMS OF POST-RELEASE CONTROL COULD RESULT IN THE IMPOSITION OF A SEPARATE PRISON TERM."
 IV "APPELLANT BYLER'S DUE PROCESS RIGHTS, AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, WERE VIOLATED WHEN THE EVIDENCE PRESENTED AT THE SEXUAL OFFENDER CLASSIFICATION HEARING WAS INSUFFICIENT TO SUPPORT THE TRIAL COURT'S DESIGNATION THAT APPELLANT BYLER IS A SEXUAL PREDATOR."
 I
Appellant claims the trial court erred in failing to state in the record the findings required under R.C. 2929.14(C) and R.C.2929.19(B)(2)(d) before sentencing him to the maximum term of imprisonment. We disagree.
R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 "(b) That the sentence is otherwise contrary to law."
Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
Appellant pled no contest to and was found guilty of five counts of sexual battery in violation of R.C. 2907.03(A)(1), felonies of the third degree. R.C. 2907.03(B). Pursuant to R.C. 2929.14(A)(3), felonies of the third degree are punishable by "one, two, three, four, or five years." By judgment entry filed October 31, 2001, the trial court sentenced appellant to five years on each count, to be run concurrently.
Pursuant to R.C. 2929.14(C), a trial court may impose the longest prison term authorized for the offense only upon offenders "who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, * * * and upon certain repeat violent offenders in accordance with division (D)(2) of this section." If the trial court imposes the maximum prison term allowed, the trial court "shall make a finding that gives its reasons" for "imposing the maximum prison term." R.C. 2929.19(B)(2)(d); See, also, State v.Edmonson, 86 Ohio St.3d 324, 328, 1999-Ohio-110.Appellant argues the trial court did not place reasons on the record. We disagree with this argument in total. One need only to read the transcript of the sentencing hearing to vividly obtain the trial court reasons:
 "In accordance with Ohio law the Court will weigh the factors of this case. The Court finds first that those factors are set forth in 2929.12(B) through (E). They are: The seriousness and recidivism factors of Ohio law.
 "The Court finds turning to the more serious factors here that the injury to the victims was worsened by the age of the victims. The age of the victims at the time of the offenses were 8, 5 and 3.
 "The Court further finds under the more serious factors that the relationship with the victims facilitated the offense. The defendant, Norman Byler, is the grandfather and the victims are the granddaughters of the defendant.
 "Under less serious the Court finds none of the less serious factors present.
 "Turning to the recidivism factors of Ohio law the Court finds that one of the recidivism factors are present. In fact, two are present. The defendant has shown no genuine remorse towards the victims. He is sorry and he has said sorry, that he is sorry for what he has done. That may be because he may be locked up for his actions. That's what he said to the officer that wrote the presentence investigation report, but he's shown no genuine remorse for the victims, his own granddaughters.
 "Are there any other relevant factors indicating that recidivism is more likely or less likely? The Court finds that there are relevant factors and that is that the defendant has not acknowledged anything was wrong was done to the victims. With that acknowledgment the Court could not and will not be able to rehabilitate the defendant, as has been suggested under the terms of the negotiated plea, a recommendation to community control sanctions for under Ohio law the acknowledgment of wrong doing and punishment comes first. The overriding purposes of sentencing are to punish the offender and protect the public from future crime by the offender and others.
 "The Court finds in this case it has been asked to construe the meaning of community for the victims and the community, at least the community the defendant comes from, wish him returned and wish no sanction imposed by a court of law. The Court finds that its duty is broader. The community that the Court serves is the community of the State of Ohio and the people of Guernsey County.
 "The Court next is to determine if there would be punishment for the offender and protecting the public from future crime by the offender if Norman Byler is treated differently than others who have appeared before this Court for similar crimes. And the Court finds that to do so would violate the duty of the Judge under the rules of sentencing.
 "The Court further finds this sentence should not be based on the offender's religion. The Court is required to look past religion.
 "Norman Byler stands before the Court as a grandfather convicted of sexual battery on three of his granddaughters.
 "The Court finds at this time the appropriate punishment of the offender to protect the public from future crime by the offender and others is imprisonment.
* * *
 "The Court finds that the multiple offenses on granddaughters is the worst form of the offense a grandfather could commit on his youthful granddaughters.
 "The Court finds the offender further poses the greatest likelihood of committing future crimes until and unless remorse is shown and he receives punishment for his acts." T. at 78-82.
Accordingly, we find the sentencing reasons sub judice correspond to the statutory requirements and are sufficient to allow appellate review.
Upon review, we do not find clear and convincing evidence that the record does not support the sentence or that the sentence is otherwise contrary to law.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in ordering him to pay court-appointed counsel fees plus interest without first determining his ability to pay. We agree.
Pursuant to R.C. 2941.51(D), a trial court may order a defendant to pay court-appointed counsel fees if "the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person * * *."
In its judgment entry filed October 31, 2001, the trial court ordered the following:
 "Court costs of this case, to include Court-appointed attorney fees, are assessed against the Defendant, for which judgment plus interest is granted."
Appellant argues the record does not support the finding that appellant "has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered" to him.
The state concedes the only mention of appellant paying court-appointed counsel fees in the record is in the judgment entry, and no determination of appellant's ability to pay was made at the sentencing hearing.
Appellant argues he is without funds to pay the fees. We are unable to agree or disagree with this statement without a record on appellant's financial condition. It is very possible appellant may own real estate or have assets other than job generated.
We remand this issue to the trial court to conduct a hearing on appellant's ability to pay or reasonable expectation of funds to pay the fees.
Assignment of Error II is granted.
 III
Appellant claims the trial court failed to inform him of post-release control pursuant to R.C. 2929.19(B)(3)(c) and (e). We agree.
Pursuant to R.C. 2929.19(B)(3)(c) and (e), "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall":
 "(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree, for a felony sex offense, or for a felony of the third degree in the commission of which the offender caused or threatened to cause physical harm to a person;
 "(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender."
The state candidly concedes that although the trial court informed appellant of the post-release control provisions via the plea forms and included them in the judgment entry of sentence, the trial court did not state them at the sentencing hearing.
For this reason alone, the matter is remanded and appellant is to be resentenced pursuant to R.C. 2929.19(B)(3)(c) and (e).
Assignment of Error III is granted.
 IV
Appellant claims the trial court erred in classifying him as a sexual predator. Specifically, appellant claims there was insufficient clear and convincing evidence to support the finding. We disagree.
In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction
(1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in making its determination:
 "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's or delinquent child's age;
 "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender or delinquent child;
 "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
We find appellant's argument to be disingenuous. The trial court specifically noted appellant was sixty-nine years of age and prayed on the youngest of his granddaughters, ages eight, five and three, multiple victims, had given the children whisky to facilitate the offenses and had engaged in a continuing pattern of conduct demonstrating a pattern of abuse. T. at 54-56. The trial court found all of these factors based upon the undisputed facts alleged by the state. Further, the trial court was privy to the various psychological evaluations done in preparation for trial.
Based upon our review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed in part, reversed in part and remanded.
By Farmer, P.J. Hoffman, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed in part, reversed in part and remanded to said court for hearing on appellant's ability to pay court-appointed counsel fees and for resentencing pursuant to R.C. 2929.19(B)(3)(c) and (e). Costs to appellant.